NORMAN O. SHEPARD, Appellant, v. ARTHUR A. CAMPBELL, Respondent.

(County Court, Onondaga County, June, 1906.)

Costs — Costs on appeal — Right to costs and authority to award — Appeal from County Court.

Where, upon an appeal by defendant from each and every part of a Justice's Court judgment, a judgment of the County Court sets aside and vacates an attachment issued in the action by the justice with costs and disbursements and, as so modified, affirms the judgment and upon a further appeal by plaintiff the Appellate Division affirms the County Court judgment in its entirety, with costs, the defendant respondent is entitled to the usual costs upon an appeal from a judgment.

APPLICATION by the plaintiff to review taxation of costs.

M. F. Dillon, for appellant.

Shanahan, Costello & Walters (Henry Walters, of counsel), for respondent.

Ross, J. The plaintiff recovered a judgment before a justice of the peace for thirty-six dollars and ninety-nine cents damages and seven dollars and thirty-three cents costs. The defendant appealed from that judgment to the County Court. The notice of appeal was in the usual form and contained the following: "Please take notice that the defendant, Arthur A. Campbell, * * * appeals to the County Court * * * from the judgment entered in the above-entitled action * * * and from each and every part of said judgment so as aforesaid entered."

The County Court rendered the following judgment, omitting the recitals: "It is *ordered, adjudged and decreed* that the warrant of attachment on said action issued by the justice of the peace aforesaid, be and the same hereby is in all things vacated; further

"*Ordered, adjudged and decreed* that the appellant recover from the respondent the sum of ten dollars costs allowed in the County Court, and the sum of $10.33 as disbursements to be taxed, and that an execution issue therefor; further

"*Ordered, adjudged and decreed* that the judgment of the said justice, as modified, be and the same hereby is affirmed."

From that judgment the plaintiff appealed to the Appellate Division of the Fourth Department. The notice of appeal contained the following, omitting the title: "You will please take notice that the plaintiff and respondent appeals to the Appellate Division of the Supreme Court of the State of New York in and for the fourth judicial department from the judgment and order granted herein on the 6th day of January, 1903, and entered * * * modifying a judgment herein, and as modified affirming the same, and from each and every part of the said judgment and order. Yours, etc., M. F. Dillon, attorney for respondent." The Appellate Division rendered the following judg-

Misc.]        County Court, Onondaga County, June, 1906.

ment, omitting the title, etc.: " The above-named Norman
O. Shepard, plaintiff in this action, having appealed to
the Appellate Division of the Supreme Court, fourth de-
partment, from a judgment of the Onondaga County Court,
entered   *   *   *   said appeal having been argued by
*   *   *   and due deliberation having been had thereon, it
is hereby ordered that the judgment so appealed from be
and hereby is affirmed with costs."

The clerk taxed the defendant respondent's costs of ap-
peal, allowing to the successful respondent the usual costs
allowed upon an appeal from a judgment.

The appellant contends that only motion costs should be
taxed; that the only part of the judgment of the County
Court objected to was the provision vacating the attach-
ment granted by the justice of the peace; that no claim
was made upon the appeal to the County Court that the
plaintiff was not entitled to a judgment for the amount
rendered by the justice of the peace. The plaintiff ap-
pealed from the entire judgment of the County Court and
the Appellate Division affirmed the same, and I see no
reason why the defendant is not entitled to costs allowed
upon an affirmance of a judgment. Even if the plaintiff
had limited his appeal to the provision referred to, vacat-
ing the attachment, the result would be the same, the Ap-
pellate Division having affirmed the judgment in its en-
tirety. The practice which compels an appeal from a
judgment rendered by a justice of the peace to correct an
intermediate order made by him is full of inconsistencies
and difficulties. Such practice, however, is sanctioned by
the Appellate Division of this department in its affirmance
of the judgment of the County Court in this case. Whether
the appellant could have made a motion to strike out the
clause in question from the judgment, and from an order
denying such application taken, an appeal is not here. He
did not. He appealed from the entire judgment, and the
appeal has gone against him.

Costs of appeal from the judgment should be allowed to
the respondent and an order may be entered accordingly.

Ordered accordingly.